Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
Jonathan T. Martinez (SBN 314228)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email:  mgregg@rosewaldorf.com
        mskanes@rosewaldorf.com
        jmartinez@rosewaldorf.com

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD ST. GERMAIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAIMLERCHRYSLER SERVICE CONTRACTS, INC.; FCA US, LLC (a subsidiary of Fiat Chrysler Automobiles, fka the Chrysler Group); LONG BEACH CHRYSLER-JEEP, INC.; TUTTLE CLICK, INC. (dba Tuttle Click's Tustin Chrysler Jeep Dodge Ram); JAMCO LLC, (dba Coastline Chrysler Jeep Dodge Ram – fka Courtesy Chrysler Jeep Dodge Ram); and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-01387<br><br>(Removed from Orange County Superior Court, Case No. 30-2020-01156361-CU-BC-CJC)<br><br>**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant FCA US LLC hereby responds to Plaintiff's First Amended Complaint as follows:

///

///

///

1

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore, denies the allegations and demands strict proof thereof.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore, denies the allegations and demands strict proof thereof.

3. Defendant denies the allegations contained in Paragraph 3 except specifically admits only that FCA US LLC is a Delaware limited liability company authorized to transact business in the State of California.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore, denies the allegations and demands strict proof thereof.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and therefore, denies the allegations and demands strict proof thereof.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore, denies the allegations and demands strict proof thereof.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 7 are denied.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and therefore, denies the allegations and demands strict proof thereof.

///

## NATURE AND BACKGROUND OF THE ACTION

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore, denies the allegations and demands strict proof thereof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore, denies the allegations and demands strict proof thereof.

14. Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 14 are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore, denies the allegations and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore, denies the allegations and demands strict proof thereof.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and therefore, denies the allegations and demands strict proof thereof.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore, denies the allegations and demands strict proof thereof.

21. Defendant denies the allegations contained in Paragraph 21.

///

///

### Overview of Illegal Conduct

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 22 are denied.

### FIRST CAUSE OF ACTION

**(Plaintiff's Individual Claim for Breach of Contract Against Long Beach Chrysler-Jeep, Inc, [*sic*] and DaimlerChrysler Service Contracts, Inc. and DOES 1-100)**

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore, denies the allegations and demands strict proof thereof.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore, denies the allegations and demands strict proof thereof.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore, denies the allegations and demands strict proof thereof.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and therefore, denies the allegations and demands strict proof thereof.

///

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and therefore, denies the allegations and demands strict proof thereof.

## SECOND CAUSE OF ACTION

**(Plaintiff's Individual Claim for Fraud in the Inducement Against Defendants, DaimlerChrysler Service Contracts, Inc, [*sic*] and Long Beach Chrysler-Jeep, Inc [*sic*] and DOES 1-100)**

31. With respect to Paragraph 31, Defendant reasserts its answers to Paragraphs 1-30 as if fully restated herein at length.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and therefore, denies the allegations and demands strict proof thereof.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore, denies the allegations and demands strict proof thereof.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore, denies the allegations and demands strict proof thereof.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore, denies the allegations and demands strict proof thereof.

///

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore, denies the allegations and demands strict proof thereof.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and therefore, denies the allegations and demands strict proof thereof.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and therefore, denies the allegations and demands strict proof thereof.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and therefore, denies the allegations and demands strict proof thereof.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and therefore, denies the allegations and demands strict proof thereof.

## THIRD CAUSE OF ACTION

**(Plaintiff's Individual Claim for Breach of Contract Against Defendants, FCA US LLC and DOES 1-100)**

43. With respect to Paragraph 43, Defendant reasserts its answers to Paragraphs 1-42 as if fully restated herein at length.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 45 are denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and therefore, denies the allegations and demands strict proof thereof.

///

47. Paragraph 47 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 47 are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, and therefore, denies the allegations and demands strict proof thereof.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

## FOURTH CAUSE OF ACTION

**(Plaintiff's Individual Claim for Fraud Against Defendants, FCA US LLC and DOES 1-100)**

56. With respect to Paragraph 56, Defendant reasserts its answers to Paragraphs 1-55 as if fully restated herein at length.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

///

///

///

# FIFTH CAUSE OF ACTION

**(Plaintiff's Individual Claim for Fraud Against All Defendants and DOES 1-100)**

65. With respect to Paragraph 65, Defendant reasserts its answers to Paragraphs 1-64 as if fully restated herein at length.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 as it was not formed until April 2009, and therefore, denies the allegations and demands strict proof thereof.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72, and therefore, denies the allegations and demands strict proof thereof.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74, and therefore, denies the allegations and demands strict proof thereof.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75, and therefore, denies the allegations and demands strict proof thereof.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77, and therefore, denies the allegations and demands strict proof thereof.

78. Paragraph 78 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 78 are denied.

79. Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 79 are denied.

80. Defendant denies the allegations contained in Paragraph 80.

## SIXTH CAUSE OF ACTION

**(Civil Conspiracy - Against All Defendants and DOES 1-100)**

81. With respect to Paragraph 81, Defendant reasserts its answers to Paragraphs 1-80 as if fully restated herein at length.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 85 are denied.

## SEVENTH CAUSE OF ACTION

**(Unfair Business Practices – Bus. & Prof. Code §§17200, et seq.**
**[False Advertising – against Defendants, Long Beach of Chrysler-Jeep, Inc, [*sic*]**
**and DaimlerChrysler Service Contracts, Inc. and DOES 1-100],**
**[Unfair Business Practices – against all Defendants and DOES 1-100])**

86. With respect to Paragraph 86, Defendant reasserts its answers to Paragraphs 1-85 as if fully restated herein at length.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 89.

89. Defendant denies the allegations contained in Paragraph 90.

90. Defendant denies the allegations contained in Paragraph 91.

91. Defendant denies the allegations contained in Paragraph 92, except that as to any events or occurrences alleged to have occurred prior to Defendant's formation in April 2009, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91, and therefore, denies the allegations and demands strict proof thereof.

92. Defendant denies the factual allegations contained in Paragraph 92, and no response is required to the conclusions of law contained in Paragraph 92. To the extent a response is required, the allegations in Paragraph 92 are denied.

93. Defendant denies the factual allegations contained in Paragraph 93, and no response is required to the conclusions of law contained in Paragraph 93. To the extent a response is required, the allegations in Paragraph 93 are denied.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95, and therefore, denies the allegations and demands strict proof thereof.

96. Defendant denies the allegations contained in Paragraph 96.

97. Defendant denies the allegations contained in Paragraph 97.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants and DOES 1-100)

98. With respect to Paragraph 98, Defendant reasserts its answers to Paragraphs 1-97 as if fully restated herein at length.

99. Paragraph 99 contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 99 are denied.

100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100, and therefore, denies the allegations and demands strict proof thereof.

101. Defendant denies the allegations contained in Paragraph 101.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

102. Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

103. Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 338.1, *et seq.*, and Commercial Code § 2725, etc.

## THIRD AFFIRMATIVE DEFENSE

### (Offset)

104. To the extent that Defendant has or will incur any damages by reason of Plaintiff's conduct arising out of this case, then Defendant has the right to offset any amounts owed by Plaintiff to Defendant against monies allegedly owed by Defendant to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Express Disclaimers)

105. Plaintiff's cause of action for breach of contract and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

106. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence, or any other conduct as set forth in Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

107. Plaintiff waited an unreasonable period of time to complain of the alleged acts or omissions at issue in Plaintiff's Complaint so as to prejudice Defendant. Plaintiff is, therefore, guilty of laches and is barred from recovery.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

108. The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of the manufacturer. Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees; thus, barring Plaintiff's recovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Proper Repair and Consent)

109. The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with the consent of the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

### (Binding Arbitration)

110. The Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the Retail Installment Sales Contract.

## TENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

111. Imposition of a punitive damages in this case would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and/or Article I of the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

112. Plaintiff's claims are barred by the economic loss rule as a matter of law.

## TWELTH AFFIRMATIVE DEFENSE

### (Failure to State a Fraud Claim)

113. Plaintiff's claims for fraud are not supported by sufficient facts to state a claim and are therefore barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bankruptcy Sale Order)

114. On April 30, 2009 (the "Petition Date"), Old Carco LLC f/k/a Chrysler LLC ("Carco") and certain domestic direct and indirect subsidiaries (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases are being jointly administered and which are currently pending before the Honorable Stuart M. Bernstein as Case No. 09-50002 (AJG).

By Order dated June 1, 2009, the Bankruptcy Court issued an Order ("Sale Order") (I) Authorizing the sale to an entity now known as FCA US LLC of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances, (II) Authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith and related procedures, and (III) Granting related relief.

Paragraph 19 of the Sale Order, provides as follows:

> Notwithstanding anything else contained herein or in the Purchase Agreement, in connection with the purchase of the Debtors' brands and related Purchased Assets, the Purchaser, from and after the Closing, will recognize, honor and pay liabilities under Lemon Laws for additional repairs, refunds, partial refunds (monetary damages) or replacement of a defective vehicle (including reasonable attorneys' fees, if any, required to be paid under such Lemons Laws and necessarily incurred in obtaining those remedies), and for any regulatory obligations under such Lemon Laws arising now, including but not limited to cases resolved prepetition or in the future, on vehicles manufactured by the Debtors in the five years prior to the Closing (without extending any statute of limitations provided under such Lemon Laws), but in any event not including punitive, exemplary, special, consequential or multiple damages or penalties and not including any claims for personal injury or other consequential damages that may be asserted in relationship to such vehicles under the Lemon Laws. As used herein, "Lemon Law" means a federal or state statute, including, but not limited to, claims under the Magnuson-Moss Warranty Act based on or in conjunction with a state breach of warranty claim, requiring a manufacturer to provide a consumer remedy when the manufacturer is unable to conform the vehicle to the warranty after a reasonable number of attempts as defined in the applicable statute. In connection with the foregoing, the Purchaser has agreed to continue addressing Lemon Law claims (to the extent that they are Assumed Liabilities) using

the same or substantially similar procedural mechanisms previously utilized by the Debtors.

The liability of FCA US LLC if any, with respect to the claims asserted in the instant action are limited to those liabilities assumed by it as set forth above. Any cause of action or claim for damage which exceeds this assumption of liability provision must be dismissed as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Bus. & Prof. Code §§ 17531, 17535)

115. Defendant did not advertise any secondhand, used, or defective merchandise in violation of California Business and Professions Code § 17531 *et seq.* Defendant is informed and believes that the subject vehicle is not defective, and Plaintiff has failed to state a claim under California Business and Professions Code § 17531 *et seq.* Further, Defendant alleges that Plaintiff is not entitled to injunctive relief under California Business and Professions Code § 17535.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Compliance with the Law)

116. Defendant contends that the Complaint fails to state facts sufficient to state a cause of action for Violation of Business and Professions Code section 17200 because Defendant is in compliance with all of the requirements under the law.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Deception)

117. Defendant contends that the Complaint fails to state facts sufficient to state a cause of action for Violation of Business and Professions Code section 17200 because there was no deception on the part of Defendant and the acts of Defendant would not likely mislead a reasonable person.

///
///
///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

118. Defendant contends that the Complaint fails to state facts sufficient to state damages under the cause of action for Violation of Business and Professions Code section 17200 because Plaintiff has an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

119. FCA US LLC presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. FCA US LLC reserves the right to assert additional defenses in the event that they would be appropriate.

WHEREFORE, FCA US LLC prays judgment as follows:

1. That Plaintiff recover nothing by way of the Complaint;
2. That the present action be dismissed with prejudice;
3. That judgment be entered in favor of Defendant for attorney's fees and costs of suit; and
4. For such other and further relief as the Court may deem just and proper.

Dated:   August 30, 2021                **ROSEWALDORF LLP**

By: /s/ Jonathan T. Martinez
Mark W. Skanes, Esq.
Jonathan T. Martinez, Esq.
Attorneys for Defendant FCA US LLC