UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-01387-JLS-JPR                                   Date: April 06, 2022
Title: Gerard St. Germain v. Daimler Chrysler Service Contracts, Inc. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 22) AND DENYING AS MOOT PLAINTIFF'S MOTION TO BIFURCATE (Doc. 23)**

  Before the Court are Plaintiff's Motion to Remand (Mot. Remand, Doc. 22) and Plaintiff's Motion to Bifurcate (Mot. Bifurcate, Doc. 23).  Defendant opposed both Motions (Docs. 29, 30) and Plaintiff replied.  (Docs. 32, 31.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for **April 8, 2022 at 10:30 a.m**., is VACATED.  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion to Remand and DENIES the Motion to Bifurcate as moot.

  Plaintiff Gerard St. Germain ("St. Germain") originally filed this action in the Superior Court of the State of California, County of Orange.  (Notice of Removal, Doc. 1.)  Defendant FCA US LLC ("FCA") removed the action to this Court.  (*See id.* ¶ 7; *see also* Case No. 8:20-cv-01858-JLS-JPR, Doc. 1.)  St. Germain moved to remand, and this Court granted the motion.  (*See* Notice of Removal ¶¶ 8-9.)  Among other reasons, the Court held that "equitable remand under 28 U.S.C. § 1452(b) [was] appropriate under the circumstances."  (Case No. 8:20-cv-01858-JLS-JPR, Doc. 52, at 7.)  The case was remanded, and thereafter, FCA filed a demurrer to the Original Complaint.  (Notice of Removal, ¶¶ 10-11.)  On July 19, 2021, the state court sustained the demurrer but granted St. Germain leave to amend.  (*Id.*)  St. Germain filed a First Amended Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-01387-JLS-JPR                                                         Date: April 06, 2022
Title:  Gerard St. Germain v. Daimler Chrysler Service Contracts, Inc. et al

("FAC") in which he alleged two new claims, and FCA has removed the case to federal court for a second time.  (*See generally id.*)  The FAC asserts claims for: (1) breach of contract against Defendants Long Beach Chrysler-Jeep, Inc. and DaimlerChrysler Service Contracts, Inc; (2) fraud in the inducement against Defendants DaimlerChrysler Service Contracts, Inc. and Long Beach Chrysler-Jeep, Inc.; (3) breach of contract against Defendant FCA; (4) fraud against Defendant FCA; (5) fraud against all defendants; (6) civil conspiracy against all defendants; (7) unfair business practices in violation of California Business and Professions Code §§ 17200, et seq. against Defendants Long Beach Chrysler-Jeep, Inc. and DaimlerChrysler Service Contracts, Inc.; and (8) declaratory relief against all defendants.  (FAC ¶¶ 23-101.)

　　　　FCA presently contends that this Court has jurisdiction under 28 U.S.C. § 1334(b) because the action arises under Title 11 or arises in the bankruptcy case of *In re Old Carco LLC*.  (Notice of Removal ¶¶ 17-23.)  In his Motion to Bifurcate, St. Germain, "freely agrees" that the two new causes of action added to the FAC—the third and fourth causes of action for breach of contract and fraud against FCA—"should be in the Federal jurisdiction." (Mot. Bifurcate at 2.)  Even assuming, however, that the Court has jurisdiction over this action pursuant to § 1334(b), St. Germain's new claims do not alter the analysis of the Court's previous order, which deemed equitable remand proper.  (*See* Case No. 8:20-cv-01858-JLS-JPR, Doc. 52, at 7-8.).  Accordingly, the Court grants St. Germain's Motion to Remand.

　　　　Under 28 U.S.C. § 1452(a), a party may remove a case from state court to federal court if the district court "has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  28 U.S.C. § 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  28 U.S.C. § 1452(b) further authorizes the court to "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 (1995) (Ginsburg, J., concurring) ("Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases 'on any equitable ground,'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-01387-JLS-JPR                                                          Date: April 06, 2022
Title:  Gerard St. Germain v. Daimler Chrysler Service Contracts, Inc. et al

and declares that the remanding order is 'not reviewable by appeal or otherwise.'")  Thus, even where jurisdiction is properly invoked under 28 U.S.C. § 1334, the Court may remand the action to state court "on any equitable ground."  28 U.S.C. § 1452(b).  "This 'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes."  *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 665 (Bankr. C.D. Cal. 2001) (quoting *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414 (9th Cir. BAP 1999)).  "[W]hether to remand is discretionary and is a decision that is not reviewable on appeal."  *Liquidation Tr. v. Grobstein, Horwath & Co., LLP*, 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011).

"In exercising this 'broad grant' of discretion, courts have traditionally looked to a number of factors to determine whether remand would be equitable in a given case," including "judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties."  *TIG Ins. Co.*, 264 B.R. at 664-65 (citing *Western Helicopters, Inc. v. Hiller Aviation, Inc*., 97 B.R. 1, 2 (E.D. Cal. 1988)).  "[A]ny one of the relevant factors may provide a sufficient basis for equitable remand."  *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp*., 447 B.R. 302, 311 (C.D. Cal. 2010) (internal citations omitted.)

The same factors that the Court previously held favored remand still apply to the present action.  "[C]omity and the predominance of state law issues strongly favor remand because" Plaintiff still continues to assert "only state law claims."  *Wong v. Safety-Kleen Sys., Inc.*, 2021 WL 859997, at *4 (C.D. Cal. Mar. 8, 2021); *see also Liquidation Tr., LLP*, 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011) ("Courts have consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law.").  Moreover, St. Germain asserts claims against four different defendants, but FCA is "the only Defendant that asserts an attenuated basis for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-01387-JLS-JPR                                                                    Date: April 06, 2022

Title:  Gerard St. Germain v. Daimler Chrysler Service Contracts, Inc. et al

federal subject matter jurisdiction." *Wong*, 2021 WL 859997, at *4.  The other defendants have neither joined in the removal nor appear to have any connection to the bankruptcy proceeding.  And if the Court were to exercise jurisdiction only to dismiss FCA from the action, the Court would lose any basis for subject-matter jurisdiction.

     Therefore, once again, the Court concludes that equitable remand is appropriate under 28 U.S.C. § 1452(b) and GRANTS the Motion.  Because the Court remands the action in its entirety, the Court DENIES Plaintiff's Motion to Bifurcate as moot.  This action is hereby REMANDED to the Superior Court of California, County of Orange, originally commenced as Case No. 30-2020-01156361-CU-BJC.

Initials of Deputy Clerk: mku